UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. NO. 3:99cr264(AHN) |
| | : | |
| DAMON WALKER | : | |
| | : | |

RULING ON MOTION FOR JUDGMENT OF ACQUITTAL
AND MOTION TO VACATE CONVICTION

On June 3, 2005, a jury convicted defendant Damon Walker
("Walker") on five counts: Count One, racketeering, in violation
of the Racketeer Influenced and Corrupt Organizations Act
("RICO"), 18 U.S.C. § 1962(c); Count Two, RICO conspiracy, in
violation of 18 U.S.C. § 1962(d); Counts Three and Four,
conspiracy to possess with intent to distribute and to distribute
cocaine base, in violation of 21 U.S.C. § 841(a)(1)(B) and
(b)(1)(A) and 21 U.S.C. § 846; and Count Eleven, Obstruction of
Justice for witness tampering, in violation of 18 U.S.C. §
1512(b)(3).  Following his conviction, Walker filed a motion for
a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c) and,
in the alternative, a motion for a new trial under Fed. R. Crim.
P. 33 [dkt # 1873].  The court held oral argument on the motion
on November 21, 2005, and orally denied the motion before
sentencing Walker.  This ruling provides a more detailed
explanation of the court's decision to deny Walker's motion.

STANDARD

Under Fed. R. Crim. P. 33(a), this court "may vacate any
judgment and grant a new trial if the interest of justice so

requires."  The court has broader discretion to grant a new trial on such a motion than it does to order an acquittal under Fed. R. Crim. P. 29.  See United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001).  The court thus considers Walker's motion under the standard of review for a Rule 33 motion for a new trial.  If this motion fails, as it must based on the evidence presented at trial, then Walker's motion for acquittal must also fail a fortiori.

Although this court has broad discretion in considering motions for a new trial, it should exercise its authority under Rule 33 "sparingly" and in "the most extraordinary circumstances."  Ferguson, 246 F.3d at 134 (quoting United States v. Sanchez, 969 F.2d 1409, 1414 (2d Cir. 1992)).  The ultimate test is whether letting a guilty verdict stand would be a manifest injustice.  See United States v. Canova, 412 F.3d 331, 348 (2d Cir. 2005).  There must be a real concern that an innocent person may have been convicted.  See id.  In considering the motion, the court may weigh the evidence and the credibility of witnesses, but it must be careful not to usurp the role of the jury.  See id.  The court must be satisfied that "competent, satisfactory and sufficient evidence" in the record supports the jury verdict.  See Ferguson, 246 F.3d at 134.

## DISCUSSION

Walker contends that he is entitled to a new trial because

the evidence introduced by the prosecution is insufficient to
support his conviction.  He argues specifically that the
government failed to prove the conspiracy alleged in counts three
and four because it did not show that the conspiracy involved
each of the three drugs alleged.  He further contends that the
government failed to prove that this conspiracy involved crack
cocaine.  Walker also maintains that the government did not
present sufficient evidence to support his conviction of
obstruction of justice, as charged in count eleven and
racketeering act seven.

The government responds that it need not demonstrate that
each of the drugs charged in the indictment was involved to show
a drug conspiracy.  It further asserts that it presented
sufficient evidence at trial to support the charges of conspiracy
to possess with intent to distribute and obstruction of justice.
The court agrees with the government that Walker's claims do not
entitle him to a new trial, let alone acquittal.

A.  Sufficiency of Evidence in Multi-Object Conspiracy

Walker argues that the government failed to prove, as
alleged in count three, that he and four other defendants
conspired to distribute heroin, cocaine, and crack cocaine.[1]  He

_____

[1] The indictment charged the co-conspirators with agreeing
to "[i] possess with intent to distribute and to distribute 1,000
grams or more of a mixture or substance containing a detectable
amount of heroin, a Schedule I Controlled Substance, [ii] 5,000
grams or more of a mixture or substance containing a detectable

claims that, because the jury only found him guilty of conspiracy
to possess with intent to distribute crack cocaine, but not the
other two drugs charged in the indictment, the jury either
convicted him of a different conspiracy than was charged, or the
court impermissibly expanded the scope of the indictment by
constructively replacing the indictment's use of the conjunctive
"and" with the disjunctive "or."  Walker's argument is without
merit.

The Second Circuit considered a similar allegation of an
expanding indictment in United States v. Coriaty, 300 F.3d 244
(2d Cir. 2002).  In that case, the defendant was indicted for,
and convicted of, wire fraud, securities fraud, and conspiracy
"to commit wire fraud and securities fraud."  See id. at 249-50
(emphasis added).  On the defendant's motion, the district court
dismissed the securities fraud conviction for insufficiency of
the evidence, but sustained the conviction for conspiracy.  On
appeal, the defendant argued that the conspiracy conviction
should have been overturned because the court acknowledged that
there was insufficient evidence to demonstrate that he conspired
to commit both wire fraud and securities fraud.  Thus, he argued
that the district court had either constructively amended the

_____

amount of cocaine, and [iii] 50 grams or more of a mixture or
substance containing a detectable amount of cocaine base, or
'crack' cocaine, Schedule II Controlled Substances, contrary to
the provisions of [21 U.S.C. §§] 841(a)(1) and 841(b)(1)(A)."
Seventh Superseding Indictment, [dkt # 1560], at 16.

indictment, substituting "or" for "and," or he was convicted of a
crime not alleged in the indictment, i.e., conspiracy to commit
wire fraud or securities fraud.  See id. at 250.  The Second
Circuit rejected the defendant's argument, noting that "the lack
of sufficient evidence to support one of the objects of a
multi-object conspiracy does not vitiate the conspiracy
conviction, where there was sufficient evidence to support the
other object."  Id. (quoting United States v. Pascarella, 84 F.3d
61, 71 (2d Cir. 1996)) (alterations and internal citations
omitted).

As Coriaty and Supreme Court precedent instruct, "when a
jury returns a guilty verdict on an indictment charging several
acts in the conjunctive, . . . the verdict stands if the evidence
is sufficient with respect to any one of the acts charged."
Turner v. United States, 396 U.S. 398, 420 (1970) (emphasis
added).  Thus, it is irrelevant for the purpose of Walker's
conviction on counts three and four that the jury did not find
that his conspiracy involved all three of the narcotics specified
in the indictment.  It is sufficient that the jury found that the
conspiracy in which Walker was engaged involved just crack
cocaine.

B. Sufficiency of Evidence of the Crack Cocaine Conspiracy

Walker next claims that the government failed to present any
evidence that the substance distributed as part of the charged

5

"East Side Conspiracy" or "Greens Homes Housing Project Conspiracy" was crack cocaine, that is, cocaine base within the meaning of 21 U.S.C. § 841(b)(1)(A)(iii).  Specifically, Walker maintains that the government's evidence was insufficient to prove that the substance was crack cocaine because the DEA's forensic chemist testified that the results of the tests he performed on the seized cocaine were consistent with cocaine in its naturally occurring alkaloid form, and that the substance was not necessarily crack cocaine.  Thus, Walker argues that the government failed "to produce any reliable, direct evidence concerning drugs seized" from the various trafficking operations.

Walker cites no authority that requires the government to prove a drug conspiracy by direct scientific evidence rather than circumstantial evidence.  As the government points out, federal law does not generally distinguish between direct and circumstantial evidence, and permits a conviction based solely on the latter.  See United States v. Alameh, 341 F.3d 167, 173 (2d Cir. 2003).  Indeed, the Supreme Court has "never questioned the sufficiency of circumstantial evidence in support of a criminal conviction, even though proof beyond a reasonable doubt is required."  Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003).  Nor has this general principle been abandoned for drug prosecutions.  In United States v. Crisp, 563 F.2d 1242 (5th Cir. 1977), the court held that "[t]he nature of a narcotic drug . . .

6

may be established by circumstantial evidence, so long as the
drug's identity is established beyond a reasonable doubt." See
id. at 1244.  Although laboratory testing may be quite helpful to
the jury in resolving reasonable doubts the jurors may have, such
scientific procedures are not essential for the government to
prove the existence of an agreement to distribute a particular
type of narcotic.  See Desert Palace, 539 U.S. at 100.

Even in the absence of such scientific testing on the seized
narcotics, the circumstantial evidence presented by the
government during Walker's trial was so extensive that a
reasonable jury could find beyond a reasonable doubt that Walker
had conspired to distribute crack cocaine.  Two experienced
police officers, William Mayer ("Mayer") and Glen Cassone
("Cassone"), both examined drugs seized during the arrests of
various members of the drug-trafficking ring.  Mayer testified
that cocaine is a pure, white powder, while crack cocaine is a
chunkier, off-white substance, and based on his 18 years of
experience, the substances recovered were crack cocaine.  Cassone
also testified that the drugs seized were "rocky" substances
consistent with crack cocaine.  In addition, both officers
conducted chemical field tests on the substances which yielded
positive results for crack cocaine.

The central role of crack cocaine in the drug-trafficking
operation was also demonstrated by the testimony of four

different drug dealers who described the drug and its packaging.
Jose Osorio ("Osorio"), Oretegus Eaddy, John Glover, and Quadan
Thompson each testified that they sold pink-top vials filled with
crack as part of the drug-trafficking conspiracy.  The testimony
of six witnesses, including two experienced police officers who
conducted field chemical tests, is more than sufficient to prove
beyond a reasonable doubt that Walker conspired to distribute
crack cocaine, and thus the court has no grounds to overturn the
jury's verdict on counts three and four.

     C.  <u>Obstruction of Justice</u>

     In count eleven and racketeering act seven, the government
alleged that Walker obstructed justice by tampering with a
witness.  Specifically, the government charged that Walker
threatened Osorio, a witness to the drug-trafficking activity, to
prevent him from cooperating with law enforcement.  Walker,
however, contends that the government failed to present evidence
of witness tampering that was sufficient to support a conviction.
Walker thus challenges not only the jury's verdict on the
obstruction of justice charge alleged in count eleven, but also
its finding that the same witness tampering was a racketeering
act in support of his RICO convictions (counts one and two).  He
further maintains that, even if the evidence of witness tampering
was sufficient to support the jury's finding as to racketeering
act seven, that crime is too unrelated to the drug-trafficking

8

activities alleged and proved in racketeering act one to
demonstrate the required pattern of racketeering activity.[2]  See
United States v. Simmons, 923 F.2d 934, 951 (2d Cir. 1991)
(requiring "a demonstrable relationship between or among the acts
of racketeering activity" that is more connected than "isolated
events").  Walker thus asserts that his conviction of the RICO
counts also cannot stand.

    i.  Sufficiency of the Evidence

    Walker contends that the government never demonstrated that
he had an improper motive in speaking with Osorio in 2001, and
that no reasonable inference could be drawn from the evidence
presented that suggests such a motive.  The court disagrees.  The
evidence adduced at trial is sufficient to support the jury's
verdict on the alleged witness-tampering.  One of the subordinate
drug dealers, Osorio, testified that in the summer of 2001, he
and Walker were both inmates at the Radgowski Correctional
Facility, and that Walker approached him while the two were
walking in the prison yard to find out why the authorities were

---

    [2] The indictment charged Walker with committing three
racketeering acts: the drug-trafficking conspiracies
(Racketeering Act One), the conspiracy to murder members of the
rival Terrace Crew Members gang (Racketeering Act Three), and
obstruction of justice (Racketeering Act Seven).  The jury,
however, found Walker not guilty of conspiracy to murder.  Thus,
if the evidence were insufficient to convict Walker for witness
tampering, the prosecution would have proven only one
racketeering act and not the two required.  Thus, Walker contends
if his witness tampering conviction in count eleven is vacated,
his RICO convictions must also be vacated.

speaking to him.  Osorio testified that Walker told him "if you's
was talkin' or whatever, be careful because everybody, you know,
sayin' everybody in the streets gonna know about it and you will
be taken care of."  Osorio said that he understood this language
to be a threat, and his interpretation is certainly reasonable.
Walker's statement that Osorio should "be careful" and that he
would be "taken care of" if he cooperated with the authorities
implies a threat of physical violence; the statement that
"everybody in the streets gonna know" implies that many
individuals would be willing to enforce the threat.  Osorio's
testimony thus constitutes the "competent, satisfactory and
sufficient evidence" in the record that must support a jury
verdict to withstand a motion for a new trial.  See Ferguson, 246
F.3d at 134.

    ii.  Pattern of Racketeering Activity

    Walker also argues that even if the evidence of witness-
tampering was sufficient, this crime is too unrelated to the
drug-trafficking activity to constitute a RICO predicate act, and
thus the government failed to prove a pattern of racketeering
activity as required for a conviction of RICO and RICO
conspiracy.  The court disagrees.

    The witness-tampering is demonstrably related to the other
predicate racketeering act of drug conspiracy and thus is
sufficient to establish a pattern of racketeering.  See Simmons,

923 F.2d at 951.  Walker's thinly-veiled threat to Osorio was obviously an attempt to protect the drug-trafficking conspiracy from the intervention of the police and the courts, and thus the two criminal acts served "similar purposes."  <u>See</u> <u>id</u>.  The connection between Walker's intimidation of a witness and his involvement in a conspiracy to distribute crack cocaine is strong enough to sustain the jury's finding that these two acts constituted the pattern of racketeering activity that is required for the RICO convictions on counts one and two.

<u>CONCLUSION</u>

The foregoing reasons support the courts' oral order denying Walker's motion for acquittal and a new trial [dkt # 1873].

_____/s/_____<br>Alan H. Nevas<br>United States District Judge