UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 3:99-cr-00264 (VAB) |
| : | |
| DAMON WALKER, : | |
| Defendant. : | |

**RULING DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**

On June 3, 2005, Defendant Damon Walker was convicted by jury trial of Racketeeing in Corrupt Organizations ("RICO") and RICO conspiracy, in violation of 18 U.S.C. §§1962(c), (d), of conspiracy to possess with intent to distribute 50 grams or more of cocaine base or crack cocaine, in violation of 21 U.S.C. §§841(a)(1), (b)(1)(A), and 846, and witness tampering/obstruction of justice in violation of 18 U.S.C. §1512(b)(3). Verdict, ECF No. 1860; Judgmt., ECF No. 1984; Am. Judgmt., ECF No. 2027. On November 21, 2005, he was sentenced on the RICO and drug offenses to 300 months imprisonment for each offense and five and ten years of supervised release, respectively. Judgmt. 1, ECF No. 1984. For the witness tampering/obstruction of justice, he was sentenced to 120 months imprisonment and three years of supervised release. *Id.* Because the sentences of imprisonment and supervised release were to run concurrently, Mr. Walker is currently serving a total of 300 months imprisonment, to be followed by ten years of supervised release. *Id.*

Mr. Walker, acting *pro se*, has filed a Motion to Reduce Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendments 706, 750, and 782, ECF No. 2435. For the following reasons, his motion is **DENIED.**

Under section 3582(c)(2) of title 18 of the United States Code, "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

1

been lowered by the Sentencing Commission" may move for a reduction in his sentence. Upon such motion, a district court must follow a "two-step approach." *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

> At step one, the court 'must consider whether the defendant is eligible for a reduction by calculating the Guidelines range that would have been applicable had the amended Guidelines been in place at the time the defendant originally was sentenced.' [] "At step two . . . , § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." []

*United States v. Bethea*, 735 F.3d 86, 87 (2d Cir. 2013) (alterations in original) (citations omitted). The decision to reduce a sentence under an amended Guidelines provision, as well as to what extent, is at the discretion of the sentencing court. *See United States v. Thomas*, 361 F. App'x 174, 175 (2d Cir. 2010) ("Where a defendant was sentenced based on a Guidelines sentencing range that a subsequent guideline amendment lowered, a district court has discretion pursuant to 18 U.S.C. § 3582(c)(2) to reduce that defendant's term of imprisonment.")

Mr. Walker contends that he is entitled to a six level decrease in base offense level after applying Amendments 706, 750, and 782[1], which results in a revised total offense level of 41. Def.'s Memo. 5, ECF No. 2435. He asks the Court to reduce his sentence to 240 months of imprisonment. *Id.* at 1. The Government and the Probation Office both believe that Mr. Walker is not eligible for a sentencing reduction under any of the amendments he cites. Government Memo. 3-7, ECF No. 2438; Amendment 782 Addendum 1, ECF No. 2436.

---

[1] All of the amendments Mr. Walker cites in his motion lowered base offense levels in the Sentencing Guidelines based on drug quantity and are to be applied retroactively. *See United States v. Keith,* 322 F. App'x 28, 30 (2d Cir. 2009) (quoting *United States v. Jones,* 531 F.3d 163, 179 (2d Cir. 2008)) (noting that Amendment 706 addresses cocaine base offenses); *United States v. Erskine,* 717 F.3d 131, 133 (2d Cir. 2013) (noting that Amendment 750 also addresses cocaine base offenses); *Alli-Balogun v. United States,* No. 92-CR-1108, --- F.Supp. 3d ---, 2015 WL 4273786, at * 9 (E.D.N.Y. July 15, 2015) (noting that Amendment 782 addresses quantities for a number of different drugs, including cocaine base); *see also* U.S.S.G. §§1B1.10(a), (d) (listing Amendments 706, 750, and 782 among those which may be applied to previously sentenced defendants).

When he was sentenced, Mr. Walker's total offense level was calculated to be 47, factoring in a base offense level at the time of 38 for a quantity of cocaine base greater than 1.5 kilograms, a two level increase for possession of firearms, a three level increase for his leadership role, a two level increase for his use of a minor in the commission of the offense, and a two level increase for obstruction of justice.[2]  However, under Chapter 5, Part A, comment 2, his offense level was reduced from 47 to 43, the maximum offense level permissible under the Guidelines.  It was also found that Mr. Walker had a category III criminal history, based on prior convictions for resisting arrest, criminal trespass, and unlawful restraint as well as the fact that he was on probation during part of the time he committed the offenses.  His offense level of 43 and criminal history category III resulted in a Guidelines imprisonment term of life.  However, the Court imposed a non-guidelines sentence and, in doing so, emphasized the need to avoid unwarranted sentencing disparity among defendants in this case.  Stmt. of Reasons 3, ECF No. 2436-3.

The Court cannot reduce Mr. Walker's sentence because applying Amendments 706, 750, and 782 would not yield a Guidelines range that would enable the Court to impose a lesser sentence.  Even assuming that Mr. Walker was only responsible for 1.5 kilograms of cocaine base, as he argues and which is also the lowest amount possible given the factual findings of the Court at sentencing[3], the base offense level applicable to 1.5 kilograms of cocaine base is 32

---

[2] In sentencing Mr. Walker, the Court found that all of the counts of conviction should be grouped together under Sentencing Guidelines section 3D1.2(c).  Presentence Report ¶74, ECF No. 2436-2.

[3] The Court also notes that there is evidence that Mr. Walker was responsible for more than 1.5 kilograms of crack cocaine.  According to the Presentence Report, Mr. Walker was involved in a conspiracy responsible for distributing at least nine kilograms of crack cocaine per month over several years.  Presentence Report ¶11, ECF No. 2436-2; *see also United States v. Johnson,* 633 F. 3d 116, 118 (2d Cir. 2011) (noting that "[i]t is well settled that individual defendants are responsible for all reasonably foreseeable quantities of drugs distributed by a conspiracy of which they were members" and finding that it was appropriate for a district court to attribute the full amount of drugs for which a conspiracy was responsible to individual members in determining sentencing) (citation omitted).

under section 2D1.1(c)(4), resulting in a total offense level of 41 after factoring in the same adjustments. The sentencing range for this total offense level is 360 months to life.

In adjusting a sentence under an amendment to the Guidelines, the Court cannot vary from the Guidelines range. *See United States v. Steele,* 714 F.3d 751, 755 (2d Cir. 2013) (noting that in applying amendments to the Guidelines, the Court may not sentence a defendant "to a term that is less than the minimum of the amended guideline range.") (quoting U.S.S.G. §1B1.10(b)(2)); *see also Cortorreal v. United States,* 486 F.3d 742, 744 (2d Cir. 2007) (defendants seeking to adjust their sentences under section 3582(c)(2) may not seek a downward variance under *Booker*). Because the lowest possible sentence under the revised Guidelines calculation, 360 months, would result in a greater sentence than Mr. Walker is currently serving, he is not eligible for a reduction in his sentence under 18 U.S.C. §3583(c)(2).

## CONCLUSION

Accordingly, because Mr. Walker is not eligible for a reduction in his sentence under any of the Amendments he cites, his Motion to Reduce Sentence, ECF No. 2435, must be **DENIED.**

IT IS SO ORDERED.

 /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

Dated at Bridgeport, Connecticut, this 2nd day of November 2015.